UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WARREN CLARK,

        Petitioner,

        Case No. 1:22-cv-1058

v.

        Honorable Sally J. Berens

CHRISTOPHER KING,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (Pet., ECF No. 1, PageID.13.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to raise a meritorious federal claim.

## Discussion

### I.     Factual allegations

Petitioner Warren Clark is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. Following a jury trial in the Berrien County Circuit Court, Petitioner was convicted of being a felon in possession of ammunition and weapons, in violation of Mich. Comp. Laws § 750.224, carrying a concealed weapon, in violation of Mich. Comp. Laws § 750.227, use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b, and first-degree home invasion, Mich. Comp. Laws § 750.110a. On April 24, 2020, the court sentenced Petitioner as a second-habitual offender, Mich. Comp. Laws § 769.10, to concurrent prison terms of 2 years to 7 years, 6 months on the possession and carrying offenses, and 12 years, 6 months to 30 years on the first-degree home invasion offenses. Those sentences, in turn, were to be served consecutively to a sentence of 2 years for the felony-firearm offense. And that consecutive string was to be served consecutively to a sentence of 3 years, 10 months to 50 years for armed robbery, an offense for which Petitioner was on parole at the time he committed the other offenses.

> The Michigan Court of Appeals recounted the facts relevant to its analysis as follows:
>
> This case arises out of a July 30, 2019 home invasion in Sodus Township, Michigan. Shortly after the home invasion occurred, a traffic stop was effectuated in nearby Watervliet of a Chevrolet Cobalt operated by defendant and occupied by

3

three other men. Incriminating evidence was found inside the vehicle, including a .45-caliber handgun, two BB guns, masks, and latex gloves similar to gloves recovered near the scene of the crime. The vehicle also contained shards of grass similar to tall grass located in a field near the crime scene. Police officers found tire tracks in that grassy field after the home invasion. In addition to the evidence recovered from the Cobalt, Danarus Chatwood—one of the occupants of the Cobalt when it was stopped—testified at defendant's trial pursuant to a plea agreement. Chatwood described defendant's role in the home invasion, including that defendant carried the .45-caliber gun, used a BB gun to shoot out a window to gain entry to the house, and entered the house.

In a pretrial motion, defendant challenged the legality of the traffic stop and moved to suppress evidence recovered from the Cobalt, but the trial court denied the motion. After the jury found defendant guilty, defendant moved to set aside the verdict and grant a new trial, arguing in part that his conviction was obtained through the knowing use of Chatwood's allegedly perjured testimony. The trial court denied the motion. After defendant was sentenced, this appeal ensued.

*People v. Clark*, No. 353829, 2022 WL 815361, at *1 (Mich. Ct. App. Mar. 17, 2022).

On November 9, 2022, Petitioner filed his habeas corpus petition raising four grounds for relief, as follows:

I. Illegal traffic stop: the judge justified the stop not based on the officer's explanation.

II. Illegal traffic stop: the judge based his decision on information unknown to the officer at the time of the stop.

III. Illegal traffic stop: the judge made a reasonable suspicion determination for speeding, when a probable cause determination is needed for speeding.

IV. Illegal traffic stop: the officer should not have been deemed credible.

(Pet., ECF No. 1, PageID.5–10.)

**II.  AEDPA standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in

state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (internal quotation marks omitted). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in

federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the

underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III. Discussion

Petitioner's claim that he was illegally stopped—no matter how he states it—arises out of the Fourth Amendment. Petitioner claims that the trial judge erred when: (1) he justified the traffic stop based on something other than the officer's explanation; (2) the information upon which the judge relied was unknown to the officer at the time of the stop; (3) the judge supported the stop with only reasonable suspicion, rather than probable cause; and (4) the judge should not have deemed the officer credible. (Pet., ECF No. 1, PageID.5–10.)

Petitioner's Fourth Amendment claims are barred by the doctrine set forth in *Stone v. Powell*, 428 U.S. 465 (1976); *see also McQueen v. Scroggy*, 99 F.3d 1302, 1332 (6th Cir. 1996) (noting that it is well-settled that *Stone* bars Fourth Amendment claims), *overruled on other grounds by In re Abdur'Rahman,* 392 F.3d 174 (6th Cir. 2004). In *Stone*, the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure, as long as the state has given the petitioner a full and fair opportunity to litigate the Fourth Amendment claim. *Id.*; *see also Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012).

For the rule of *Stone* to apply, the state must have provided, in the abstract, a mechanism by which to raise the Fourth Amendment claim, and the presentation of the claim in the case before

7

the court must not have been frustrated by failure of that mechanism. *See Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985). If these two inquiries are satisfied, federal habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state-court determination of the claim to have been in error. *Id.* at 824; *accord Jennings v. Rees*, 800 F.2d 72 (6th Cir. 1986); *Markham v. Smith*, 10 F. App'x 323, 326 (6th Cir. 2001).

In the instant case, Petitioner cannot satisfy either prong of the *Stone v. Powell* standard. It is beyond dispute that Michigan has a state procedural mechanism that presents a defendant a full opportunity to raise a Fourth Amendment claim before trial. Even before the United States Supreme Court decided that the federal exclusionary rule applied to state criminal proceedings, the Michigan courts applied the exclusionary rule to the fruits of unconstitutional searches and seizures. *See People v. Margelis*, 186 N.W. 488 (Mich. 1922). After *Mapp v. Ohio*, 367 U.S. 643 (1961), the Michigan courts consistently have acknowledged their duty, under both the federal and state constitutions, to suppress evidence seized in violation of the Fourth Amendment. *See, e.g., People v. David*, 326 N.W.2d 485, 488 (Mich. Ct. App. 1982). Consequently, Michigan affords criminal defendants a vehicle by which to raise Fourth Amendment challenges.

Second, to satisfy the remaining prong of *Stone v. Powell*, Petitioner must allege facts showing that the state corrective mechanism has somehow broken down. *See, e.g., Agee v. White*, 809 F.2d 1487, 1490 (11th Cir. 1987) (discussing that habeas review was not barred when the state appellate court completely ignored the Fourth Amendment claim). The Sixth Circuit pointedly has held that the doctrine of *Stone v. Powell* applies, even if the federal court deems the state-court determination of the Fourth Amendment claim to have been in "egregious error." *Gilbert*, 763 F.2d at 824 (citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).

8

Petitioner has not alleged any facts showing that the state's mechanism has broken down.[2] Indeed, the trial court addressed Petitioner's challenges following a pretrial hearing and the Michigan Court of Appeals gave every aspect of Petitioner's Fourth Amendment claims full and proper consideration and determined that they lacked merit. *Clark*, 2022 WL 815361, at *1–2. Petitioner raised the Fourth Amendment claims again in his application for leave to appeal to the Michigan Supreme Court, (Pet., ECF No. 1, PageID.2), which denied his application. Even if this Court were to disagree with the determination of the Michigan courts, that disagreement would be insufficient to satisfy the second prong of the Sixth Circuit standard. *See Gilbert*, 763 F.2d at 824.

Because Petitioner has failed to demonstrate either prong of *Stone v. Powell*, habeas review of his Fourth Amendment claims is barred.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] The closest Petitioner comes to calling into question the state's Fourth Amendment process is an assertion that appellate counsel failed to "thoroughly" challenge the officer's credibility on appeal. (Pet., ECF No. 1, PageID.11.) An ineffective assistance of counsel claim might permit an examination of the merits of Petitioner's Fourth Amendment claim. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (stating "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice"). Here, however, Petitioner has not raised an ineffective assistance of counsel claim, in this Court or in the Michigan appellate courts.

Moreover, Petitioner acknowledges that trial counsel appropriately challenged the officer's credibility, but contends that appellate counsel's approach was not sufficiently thorough. (*Id*.) Even that claim is contradicted by the appellate court's opinion. The court of appeals noted multiple times that the trial court credited the officer's testimony and that the trial court's assessment of credibility was entitled to deference. *Clark*, 2022 WL 815361, at *2. Petitioner's unsupported contention that appellate counsel was not thorough enough does not suffice to show a breakdown in the state's mechanism for handling Petitioner's Fourth Amendment challenges.

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:     November 29, 2022                     /s/ Sally J. Berens
                                                                                             SALLY J. BERENS
                                                                                             U.S. Magistrate Judge